# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                                  No. 25-214

VAN VESSELL                                         SECTION I

### ORDER AND REASONS

Before the Court is defendant Van Vessell's ("Vessell") objection[1] to the presentence investigative report ("PSR"). The government filed a response opposing Vessell's objection.[2] For the following reasons, the Court **OVERRULES** Vessell's objection.

### I.    BACKGROUND

Vessell pleaded guilty to count one of a one-count superseding bill of information charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[3] The PSR recommends that he receive a "Chapter Four Enhancement" pursuant to U.S.S.G. § 4B1.1 ("career offender enhancement").[4] This enhancement is predicated on one prior state conviction for possession with intent to distribute cocaine in 2012 and two prior state convictions for distribution of cocaine in 1998 and 2002.[5]

---

[1] R. Doc. No. 49.

[2] R. Doc. No. 50.

[3] R. Doc. No. 43.

[4] R. Doc. No. 53, at 8.

[5] *Id.* at 9, 11.

With the career offender enhancement, and a three-point reduction for acceptance of responsibility, Vessell's offense level is 34 and his criminal history category is VI.[6] This results in a guideline range of 262 to 327 months.[7] Without the career offender enhancement, Vessell would have an offense level of 31, a criminal history category of IV,[8] and a guideline range of 151 to 188 months. *See* U.S.S.G. § 5A.

## II.   LEGAL STANDARD

Vessell objects to the application of the career offender enhancement, which is triggered when "the defendant has at least two prior felony convictions of . . . a controlled substance offense."[9] U.S.S.G. § 4B1.1. The Sentencing Guidelines define a "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year that . . . prohibits the manufacture, import, export, distribution, or dispensing of a *controlled substance* (or a counterfeit substance) or the possession of a *controlled substance* (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense.

U.S.S.G. § 4B1.2(b)(1) (emphasis added). "Controlled substance" is, in turn, defined by its meaning in the federal Controlled Substance Act at the time of sentencing. *United States v. Minor*, 121 F.4th 1085, 1093 (5th Cir. 2024).

To determine whether a defendant's prior conviction falls within the Sentencing Guidelines' definition of a "controlled substance offense," courts employ

---

[6] *Id.* at 17.

[7] *Id.*

[8] *Id.* at 12.

[9] By contrast, Vessel's plea agreement states that "defendant understands he still qualifies as a career offender due to his prior drug trafficking convictions." R. Doc. No. 46 at 1.

the "categorical approach." *Minor*, 121 F.4th at 1089. This requires the Court "to look to the elements of the offense enumerated or defined by the Guideline section and compare those elements to the elements of the prior offense for which the defendant was convicted." *United States v. Tanksley*, 848 F.3d 347, 350 (5th Cir. 2017) (quoting *United States v. Howell*, 838 F.3d 489, 494 (5th Cir. 2016)). Under this approach, a prior offense does not count toward the career offender enhancement if that statute "criminalizes a greater swath of conduct than the elements of the relevant Guidelines offense." *Minor*, 121 F.4th at 1089 (internal quotation marks omitted) (quoting *United States v. Hinkle*, 832 F.3d 569, 576–77 (5th Cir. 2016)).

When the language of a prior state offense appears broader than the relevant Guidelines offense, courts in the Fifth Circuit apply the "realistic probability test" to determine whether it is still a "controlled substance offense." *United States v. Augillard*, No. 25-30192, 2026 WL 1135452, at *3 (5th Cir. Apr. 27, 2026) (per curiam). The burden shifts to the defendant to demonstrate a "realistic probability, not a theoretical possibility" that the state in fact criminalized conduct beyond the Guidelines offense. *Vazquez v. Sessions*, 885 F.3d 862, 871 (5th Cir. 2018) (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)). To do this, "a defendant must provide actual cases where state courts have applied the statute in that way." *United States v. Castillo-Rivera*, 853 F.3d 218, 223 (5th Cir. 2017) (en banc).

## III.   ANALYSIS

The thrust of Vessell's objection to the application of the career offender enhancement is that the federal schedules of controlled substances expressly exclude

[123I]Ioflupane ("Ioflupane"), but, at the time of his prior offenses, Louisiana's schedules did not.[10] He argues that his state offenses were therefore not "controlled substance offenses" because they criminalized conduct that the corresponding Guideline offenses do not, namely, possession with intent to distribute and distribution of Ioflupane.[11]

But Vessell's argument runs headlong into the realistic probability test. He has provided the Court with no evidence that Louisiana ever actually prosecuted offenses involving Ioflupane. Nor is it likely that he could. Ioflupane "is the active pharmaceutical ingredient in a drug used to diagnose patients who are suspected to have Parkinson's disease." *Brown v. United States*, 602 U.S. 101, 108 (2024). It "is radioactive" and "can be stored for no more than 24 hours." *Id.* at 110. It is therefore an unlikely basis for a controlled substance offense.

Vessell instead asks the Court to ignore the realistic probability test, arguing that it has been abrogated by two recent Supreme Court cases: *United States v. Taylor*, 596 U.S. 845 (2022), and *Brown v. United States*.[12] Vessell acknowledges that the Fifth Circuit recently rejected his argument in *United States v. Augillard*, but he urges this Court to disregard that opinion because it was unpublished and therefore not binding.[13]

---

[10] R. Doc. No. 49, at 4. *Compare* 21 C.F.R. § 1308.12(b)(4) (excluding Ioflupane from federal Schedule II), *with* Act of May 10, 2016, Act No. 62, 2016 La. Acts 623 (codified as amended at La. Rev. Stat. § 40:964) (excluding Ioflupane from Louisiana Schedule II).

[11] R. Doc. No. 49, at 4.

[12] *Id.* at 1.

[13] *Id.* at 2.

This Court will not choose to ignore *Aguillard* and two other recent, albeit unpublished, Fifth Circuit opinions which have reached the same result. *See United States v. Young*, No. 25-30187, 2026 WL 1195827, at *3 (5th Cir. May 1, 2026) (per curiam); *United States v. Gladney*, No. 25-30162, 2026 WL 64281, at *1 (5th Cir. Jan. 8, 2026) (per curiam). "Although unpublished opinions are not precedential, they are persuasive." *United States v. Olivares*, 833 F.3d 450, 453 n.1 (5th Cir. 2016). In *Aguillard*, the Fifth Circuit analyzed the exact issue in this case: whether Louisiana cocaine offenses that did not carve out Ioflupane are controlled substance offenses for the purposes of the Sentencing Guidelines. 2026 WL 1135452, at *2. The court concluded that they were because the realistic probability test applied and the defendant could not satisfy it. *Id.* at *5.

*Aguillard* also analyzed *Taylor* and *Brown*, holding that neither abrogated the realistic probability test. *Id.* at *5. In *Taylor* the Supreme Court determined that the realistic probability test was inapplicable because: (1) the prior offense was a violation of a federal statute, so its scope could be authoritatively interpreted by a federal court; and (2) there was absolutely no overlap between the prior offense and the other offense. *Id.* at *3 (citing *Taylor*, 596 U.S. at 859). Neither of these circumstances apply to this case. *Brown*, on the other hand, did not address the realistic probability test at all. *Id.* at *5.

Vessell does not address *Aguillard*'s reasoning, instead relying on out-of-circuit cases to argue his point.[14] But even if other courts do not apply the realistic

---

[14] *Id.* at 2 n.1.

probability test in the same way courts in the Fifth Circuit do, that is a far cry from it having been abrogated by the Supreme Court. Because "[m]uch circuit authority exists for the proposition that the realistic probability test is alive and well in the aftermath of *Taylor* and *Brown*," the Court finds that it is appropriate to apply the probability test here. *Augillard*, 2026 WL 1135452, at *5.

## IV.    CONCLUSION

Accordingly,

**IT ORDERED** that the defendant's objection to the Presentence Investigation Report is **OVERRULED**.

New Orleans, Louisiana, June 24, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

6